Filed 5/14/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 65

In the Interest of J.P.

Williams County Social Services,

by Karin O’Cain, Petitioner and Appellee

v.

J.P., child, L.P., mother, and J.B., father, Respondents

L.P., mother Appellant

No. 20130048

In the Interest of M.B.

Williams County Social Services,

by Karin O’Cain, Petitioner and Appellee

v.

M.B., child, L.P., mother, and E.B., father, Respondents

L.P., mother Appellant

No. 20130057

In the Interest of A.B.

Williams County Social Services,

by Karin O’Cain, Petitioner and Appellee

v.

A.B., child, L.P., mother, and E.B., father, Respondents

L.P., mother Appellant

No. 20130058

Appeals from the Juvenile Court of Williams County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Per Curiam.

Marlyce A. Wilder, P.O. Box 2047, Williston, N.D. 58802-2047, for petitioner and appellee.

Timothy C. Wilhelm, 325 11th Avenue Southwest, #4, Minot, N.D. 58701, for respondent and appellant.

Interest of J.P.

Nos. 20130048, 20130057 & 20130058

Per Curiam.

[¶1] L.P. appealed from three juvenile court judgments terminating her parental rights to her three children, J.P., M.B., and A.B.  The juvenile court terminated L.P.’s parental rights finding each child was a deprived child, each child was in the care, custody, and control of Williams County Social Services for more than 450 out of the previous 660 nights, and the deprivation was likely to continue.  On appeal, L.P. argues the juvenile court erred in finding the conditions and causes of deprivation were likely to continue and the court abused its discretion in applying N.D.C.C. § 27-

20-44(c)(2) as an alternative basis for termination because the children had been in the direct care of their maternal grandparents for a majority of the 660 nights they were in Social Services’ custody.  L.P. also contends the court improperly allowed hearsay testimony during the termination hearing, the court’s findings of fact and conclusions of law were inadequate, and the court erred in not ordering reinstatement of reasonable reunification efforts.

[¶2] We conclude the court did not abuse its discretion in terminating L.P.’s parental rights based on the number of nights the children were in foster care.  
See
 N.D.C.C. § 27-20-44(c)(2) (a court may terminate parental rights on a finding (1) that the child is a deprived child and (2) that the child has been in foster care in the care, custody, and control of a county social service board for at least 450 out of the previous 660 nights); N.D.C.C. § 50-11-00.1(8) (“foster  care” means “the provision of substitute parental child care for those children who are in need of care for which the child’s parent . . . is unable, neglects, or refuses to provide, and includes the provision of food, shelter, security and safety, guidance, and comfort on a twenty-

four-hour basis, to one or more children under twenty-one years of age to safeguard the child’s growth and development and to minimize and counteract hazards to the child’s emotional health inherent in the separation from the child’s family”); N.D.C.C. § 27-20-20.1(4)-(6) (defining requirements for determining how long a child has been in foster care for purposes of a petition to terminate parental rights).  We also conclude the court did not abuse its discretion in ruling on evidentiary matters and the court’s finding that deprivation was likely to continue was not clearly erroneous.  We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner